IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Squires Brothers Inc., | Civil Action No.:  4:12-CV-03341-RBH |
| Plaintiff, | |
| v. | **AMENDED ANSWER AND CROSS-CLAIM** |
| Cheminova, Inc. and Southern States Cooperative, Inc. | **(Jury Trial Demanded)** |
| Defendants. | |

Southern States Cooperative, Inc. ("Southern States") hereby answers Plaintiff's Complaint and cross-claims against Defendant Cheminova, Inc. as follows.  Each and every allegation not hereinafter specifically admitted, qualified, or explained, is expressly denied.

### FOR A FIRST DEFENSE

1.     Southern States admits, upon information and belief, that Plaintiff is a citizen and resident of Horry County, South Carolina.  Southern States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1 and, therefore, denies the same.

2.     Southern States admits, upon information and belief, the allegations of Paragraph 2 of the Complaint.

3.     Southern States admits the allegations of Paragraph 3 of the Complaint.

4.     Southern States admits the allegations of Paragraph 4 of the Complaint.

5.     Southern States admits the allegations of Paragraph 5 of the Complaint.

1

6. Southern States admits, upon information and belief, the allegations of Paragraph 6 of the Complaint.

7. Southern States denies the allegations of Paragraph 7 of the Complaint.

8. Southern States admits the allegations of Paragraph 8 of the Complaint.

9. Southern States lacks sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

## PLAINTIFF'S FIRST CAUSE OF ACTION
**(Negligence)**

14. Paragraph 14 is a paragraph of incorporation that requires no response from Southern States. To the extent a response is required, Southern States reasserts its previous answers to the referenced paragraphs.

15. The allegations contained in Paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent a response is contemplated or required, Southern States denies the allegations of this paragraph and demands strict proof thereof.

16. The allegations contained in Paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent a response is contemplated or required, Southern States denies the allegations of this paragraph and demands strict proof thereof.

17. The allegations contained in Paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent a response is contemplated or required, Southern States denies the allegations of this paragraph and demands strict proof thereof.

18. Southern States denies the allegations of Paragraph 18, including all sub-paragraphs.

19. Southern States denies the allegations of Paragraph 19 of the Complaint.

### PLAINTIFF'S SECOND CAUSE OF ACTION
### (Breach of Express Warranty)

20. Paragraph 20 is a paragraph of incorporation that requires no response from Southern States. To the extent a response is required, Southern States reasserts its previous answers to the referenced paragraphs.

21. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same.

23.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the same.

24.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same.

25.     Southern States denies the allegations of Paragraph 25 of the Complaint.

26.     Southern States denies the allegations of Paragraph 26 of the Complaint.

## PLAINTIFF'S THIRD CAUSE OF ACTION
**(Breach of Implied Warranty of Merchantability)**

27.     Paragraph 27 is a paragraph of incorporation that requires no response from Southern States.  To the extent a response is required, Southern States reasserts its previous answers to the referenced paragraphs.

28.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29.     Southern States denies the allegations of Paragraph 29 of the Complaint.

30.     Southern States denies the allegations of Paragraph 30 of the Complaint.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

31.     Paragraph 31 is a paragraph of incorporation that requires no response from Southern States.  To the extent a response is required, Southern States reasserts its previous answers to the referenced paragraphs.

32.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34.     Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     Southern States denies the allegations of Paragraph 35 of the Complaint.

36.     Southern States denies the allegations of Paragraph 36 of the Complaint.

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Unfair Trade Practices)

37.     Paragraph 37 is a paragraph of incorporation that requires no response from Southern States.  To the extent a response is required, Southern States reasserts its previous answers to the referenced paragraphs.

38.     The allegations contained in Paragraph 38 of the Complaint state legal conclusions to which no response is required.  To the extent a response is contemplated or

required, Southern States denies the allegations of this paragraph and demands strict proof thereof.

39. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 39 of the Complaint and, therefore, denies the same. These allegations also state legal conclusions to which no response is required.

40. Southern States denies the allegations of Paragraph 40 of the Complaint.

41. Southern States denies the allegations of Paragraph 41 of the Complaint.

42. Southern States denies the allegations of Paragraph 42 of the Complaint.

43. Southern States denies the allegations of Paragraph 43 of the Complaint.

44. Southern States denies the allegations of Paragraph 44 of the Complaint.

45. Southern States denies the allegations of Paragraph 45 of the Complaint.

## PLAINTIFF'S SIXTH CAUSE OF ACTION
**(Strict Liability/Products Liability)**

46. Paragraph 46 is a paragraph of incorporation that requires no response from Southern States. To the extent a response is required, Southern States reasserts its previous answers to the referenced paragraphs.

47. Southern States admits the allegations of Paragraph 47 of the Complaint.

48. Southern States admits, upon information and belief, the allegations of Paragraph 48 of the Complaint.

49. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 49 of the Complaint and, therefore, denies the same.

50. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 50 of the Complaint and, therefore, denies the same.

51. Southern States lacks sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 51 of the Complaint and, therefore, denies the same.

52. Southern States denies the allegations of Paragraph 52 of the Complaint.

53. Southern States denies the allegations of Paragraph 53 of the Complaint.

## FOR A SECOND DEFENSE

54. Southern States alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

55. Southern States pleads Plaintiff's contributory negligence as a bar to Plaintiff's recovery in this case. Alternatively, if the doctrine of comparative negligence applies, Southern States alleges that the negligence and/or fault of Plaintiffs was greater than any negligence or fault, if any, which may be established against Southern States and, therefore, Plaintiffs are barred from recovery. Southern States further alleges that any injury or damage sustained by Plaintiffs was due to and caused by the negligence and/or fault of Plaintiffs, combining, concurring, and contributing with the negligence and/or fault, if any, on the part of Southern States, and that any amount of recovery awarded to Plaintiffs for the alleged injuries and damage should be reduced by the Court based on the percentage of negligence and/or fault attributed to Plaintiffs. Southern States reserves the right to define the particulars of Plaintiff's contributory or comparative negligence at the conclusion of discovery.

**FOR A FOURTH DEFENSE**

56.     Southern States submits that the injuries and damages for which Plaintiffs seek recovery were due to, and proximately caused by, the negligence, recklessness, willfulness, wantonness, and criminal acts of a party or parties other than Southern States in the operation, maintenance, or use of the product at issue. Plaintiff's claims against Southern States, therefore, should be barred or reduced by the amount of such negligence, recklessness, willfulness, or wantonness.

**FOR A FIFTH DEFENSE**

57.     Southern States submits that the injuries and damages for which Plaintiffs seek recovery were due to, and proximately caused by, the intervening negligence, recklessness, willfulness, wantonness, criminal acts, and fault of a party or parties other than Southern States. Such intervening negligence, recklessness, willfulness, wantonness, criminal acts, and fault are the sole cause of the injuries and damages for which Plaintiffs seek recovery, and, therefore, Plaintiffs may not recover against Southern States.

**FOR A SIXTH DEFENSE**

58.     Southern States would show that the injuries and damages for which Plaintiffs seek recovery were due to, and proximately caused by, the sole negligence, recklessness, willfulness, wantonness, criminal acts, and fault of third parties for whom Southern States is not liable. Therefore, the acts or fault of third parties are the real, efficient, direct, and proximate cause of the injuries for which Plaintiffs seek recovery, and, therefore, Plaintiffs cannot recover against Southern States.

**FOR A SEVENTH DEFENSE**

59.     Southern States would show that the damages for which Plaintiffs seek recovery

were due to and proximately caused by voluntary actions taken by Plaintiffs in full knowledge of any associated risk, of which one, in the exercise of due care, should have known or appreciated, and, therefore, this voluntary assumption of risk is a complete bar to this action, or, in the alternative, a facet of comparative negligence.

## FOR AN EIGHTH DEFENSE

60.     Southern States alleges that any damages sustained by Plaintiffs were due to and caused by the misuse or misapplication of the product described in the Complaint, and therefore, Plaintiffs may not recover against Southern States.

## FOR A NINTH DEFENSE

61.     Southern States submits that the damages for which Plaintiffs seek recovery may have been due to and proximately caused by the modification or alteration of the product described in the Complaint, and, therefore, Plaintiffs may not recover against Southern States.

## FOR A TENTH DEFENSE

62.     Southern States alleges that the conditions that Plaintiffs allege caused Plaintiff's damages were open and obvious as a matter of law, and thus Southern States is not liable to Plaintiffs in any sum or amount.

## FOR AN ELEVENTH DEFENSE

63.     Southern States contends that federal law may preempt some or all of Plaintiff's causes of action.

## FOR A TWELFTH DEFENSE

64.     Southern States pleads the defenses of sophisticated user and/or learned intermediary that may bar or limit recovery against Southern States.

**FOR A THIRTEENTH DEFENSE**

65.     Southern States affirmatively pleads the content of S.C. Code Ann. § 15-73-20 (Supp. 2005) as a complete defense to the allegations of Plaintiff's Complaint.

**FOR A FOURTEENTH DEFENSE**

66.     Southern States affirmatively pleads all defenses which are or may become available to it under *Restatement (Second) of Torts* § 402A and the comments thereto, as codified by S.C. Code Ann. § 15-73-30 (Supp. 2005).

**FOR A FIFTEENTH DEFENSE**

67.     Southern States submits that at all times its product was designed, manufactured and assembled in compliance with all applicable industry and governmental standards and regulations, and in conformance with the prevailing industry customs and practices, and, therefore, Plaintiffs cannot recover against Southern States.

**FOR A SIXTEENTH DEFENSE**

68.     Southern States submits that the product at issue was state-of-the-art when originally designed, manufactured and sold by the manufacturer to the original purchaser, and did not present an unreasonable risk of harm to Plaintiffs or other users, and, therefore, Plaintiffs cannot recover against Southern States.

**FOR A SEVENTEENTH DEFENSE**

69.     Southern States alleges Plaintiffs failed to notify Southern States in a timely manner of any alleged breach of warranty as required by the South Carolina Uniform Commercial Code.

**FOR AN EIGHTEENTH DEFENSE**

70.     Southern States refers to and incorporates herein by reference the terms,

10

limitations, disclaimers and exclusions of any warranties issued with the sale of the product at issue.

## FOR A NINETEENTH DEFENSE

71.     Southern States submits that it is entitled to a set off or credit for any amount paid to Plaintiffs by any third party as compensation for the injuries and damages for which Plaintiffs seek recovery herein.

## FOR A TWENTIETH DEFENSE

72.     Southern States submits that foreign state law may govern the causes of action alleged in Plaintiff's Complaint, and hereby claims all applicable and available defenses, not otherwise stated herein, recognized under such law.

## FOR A TWENTY-FIRST DEFENSE

73.     Southern States denies Plaintiff's claim for punitive damages.  An award of punitive damages under South Carolina law violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that:

(a)  The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(b)  Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c)  Any award of punitive damages based upon the wealth of the Southern States violates due process guarantees;

(d)  The juror's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e)  Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

    (f)  Plaintiff's claims for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Southern States; and

    (g)  Any award of punitive damages for conduct or activity of the Southern States outside the State of South Carolina is inconsistent with the interest of federalism, and violates the governing authority of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Phillip Morris USA v. Williams*, 2007 WL 505781 (U.S. Sup. Ct. Feb. 20, 2007).

  Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government, which invades the province of the legislative branch of government. Southern States submits that like provisions of governing foreign state law may likewise violate constitutional guarantees, including those established under the Constitution of the one of the various States and the United States Constitution.

## FOR A TWENTY-SECOND DEFENSE

  74.  Southern States pleads applicability of The Economic Development, Citizens and Small Business Protection Act of 2005, effective July 1, 2005, which amended S.C. Code Ann. §§ 15-38-15 [joint and several liability], and other pertinent statutory sections, and invoke the remedies and procedures provided therein. Specifically, Southern States submits that it is entitled to a proper apportionment of fault among all other potential tortfeasors, whether they are named as a defendant or not.

## FOR A TWENTY-THIRD DEFENSE

  75.  Southern States submits that it has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations. Southern States intends to act as best it can to inform itself of the pertinent facts and

prevailing circumstances surrounding any reported damage as alleged in Plaintiff's Complaint, and gives notice of its intent to assert any further defenses that its information gathering process may indicate are supported by fact and law. These defenses may include, but are not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, and/or the doctrine of laches. Southern States thus reserves the right to amend this Answer and assert additional defenses.

### FOR A TWENTY-FOURTH DEFENSE AND BY WAY OF CROSS-CLAIM AGAINST CHEMINOVA, INC.

76. Southern States reasserts its previous responses contained in the Paragraphs above.

77. Southern States is a corporation organized and existing under the law of the State of Virginia with its principal place of business in Virginia.

78. Cheminova, Inc. is a corporation organized pursuant to the laws of the State of Delaware with its principal place of business in North Carolina.

79. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332. This Court has jurisdiction over the subject matter of this cross-claim, and this Court has personal jurisdiction over the parties.

80. Southern States and Cheminova, Inc. entered into a contract under which Southern States could sell to the public, including Plaintiff, an insecticide known as Couraze that Cheminova, Inc. manufactures.

81. Cheminova, Inc. delivered Couraze to Southern States which in turn, would sell Couraze to the public, including Plaintiff, without any modification or change in the condition in which Southern States received Couraze from Cheminova, Inc.

## FOR A FIRST CAUSE OF ACTION
### (Equitable Indemnification)

82. Southern States incorporates the allegations of the foregoing Paragraphs as if fully restated herein verbatim.

83. Southern States and Cheminova, Inc. have a special relationship through their contract and Southern States' sales of Couraze manufactured by Cheminova, Inc.

84. By virtue of this special relationship, Southern States is alleged to have sold Couraze manufactured by Cheminova, Inc. to Plaintiff.

85. To the extent that Plaintiff is entitled to recover damages against Southern States as alleged in Plaintiff's Complaint, which is denied, and to the extent that the fact finder determines that the damages sustained by Plaintiff were as a result of acts and/or omissions of Cheminova, Inc., Southern States alleges that any damages that were, in fact, sustained by Plaintiff were a direct and proximate result of the wrongful acts and omissions of Cheminova, Inc. and not as a result of any acts or omissions on the part of Southern States.

86. Southern States alleges that if Plaintiff is entitled to recover, by damages or otherwise, against Southern States, which is denied, Southern States is entitled to equitable indemnity against Cheminova, Inc. in the same amount. Additionally, Southern States further alleges that it should be reimbursed and indemnified for any settlement that it pays Plaintiff in this action, if any. Finally, whether Southern States is ultimately exonerated or not by the fact finder, Southern States is entitled to be reimbursed by Cheminova, Inc. for the costs of this action, including, but not limited to, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Contractual Indemnification)

87. Southern States incorporates the allegations of the foregoing Paragraphs as if fully

restated herein verbatim.

88. Southern States and Cheminova, Inc. entered into a Crop Protection Distribution Agreement that governed Southern States' sale and distribution of products manufactured by Cheminova, Inc., including the Couraze that Plaintiff alleges Southern States sold to Plaintiff.

89. The Crop Protection Distribution Agreement contains an indemnification clause under which Southern States and Cheminova, Inc. agreed "to indemnify, defend and hold each other harmless from and against all demands, claims, actions or causes of action, assessments, losses, damages, liability, costs and expenses, including without limitation, interest, penalties and attorneys fees asserted against, resulting, or imposed upon or incurred by the other by reason of, or resulting from, any negligence or breach of the representations, warranties, covenants or agreements contained in" the Crop Protection Distribution Agreement.

90. Plaintiff's Complaint alleges causes of action against Southern States and Cheminova, Inc. for damage to Plaintiff's crops resulting from the application of Couraze manufactured by Cheminova, Inc. and sold to Plaintiff by Southern States.

91. To the extent that Plaintiff is entitled to recover damages against Southern States as alleged in Plaintiff's Complaint, which is denied, and to the extent that the fact finder determines that the damages sustained by Plaintiff were as a result of acts and/or omissions of Cheminova, Inc., Southern States alleges that any damages that were, in fact, sustained by Plaintiff, were a direct and proximate result of the wrongful acts and omissions of Cheminova, Inc. and not as a result of any actions or omissions on the part of Southern States.

92. Southern States alleges that if Plaintiff is entitled to recover, by damages or otherwise, against Southern States, which is denied, Southern States is entitled to contractual indemnification pursuant to the Crop Protection Distribution Agreement against Cheminova, Inc.

in the same amount. Additionally, Southern States further alleges that it should be reimbursed and indemnified for any settlement amount that it pays Plaintiff in this action, if any. Finally, whether Southern States is ultimately exonerated or not by the fact finder, Southern States is entitled to be reimbursed by Cheminova, Inc. for the costs of this action, including, but not limited to, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
(Contribution)

93. Southern States incorporates the allegations of the foregoing Paragraphs as if fully restated herein verbatim.

94. Plaintiff's Complaint alleges causes of action against Southern States and Cheminova, Inc. for damage to Plaintiff's crops resulting from the application of Couraze manufactured by Cheminova, Inc. and sold to Plaintiff by Southern States.

95. To the extent the Plaintiff is entitled to recover damages against Southern States for the damages complained in Plaintiff's Complaint, which is denied, and to the extent that the fact finder determines that the damages sustained by Plaintiff were as a result of acts and/or omissions of Southern States and Cheminova, Inc., Southern States alleges that it is entitled to contribution from Cheminova, Inc. to the extent that Southern States has paid or will be required to pay more than its share of the common liability to Plaintiff.

WHEREFORE, having fully answered Plaintiff's Complaint, and having asserted cross-claims against Cheminova, Inc., Southern States requests that this Court enter the following relief:

(a) Dismiss Plaintiff's Complaint with prejudice;

(b) Award Southern States' cost to defend this action;

(c) Award Southern States' relief under the cross-claims against Cheminova, Inc.; and

(d) For costs and such other and further relief as this Court deems just and proper.

                                                GALLIVAN, WHITE & BOYD, P.A.

                                                /s/ Curtis L. Ott
                                                Alfred Johnston Cox, Fed. I.D. 6534
                                                Curtis L. Ott, Fed. I.D. 5939
                                                James E. Brogdon, III, Fed. I.D. 10872
                                                1201 Main Street, Suite 1200
                                                Columbia, South Carolina 29201
                                                Telephone:  803-779-1833
                                                Facsimile:  803-779-1767
                                                cott@GWBlawfirm.com

                                                Attorneys for Southern States
                                                Southern States Cooperative, Inc.

December 31, 2012
Columbia, South Carolina