IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Squires Brothers, Inc., <br><br>                Plaintiff, <br><br>vs. <br><br>Cheminova, Inc. and Southern States Cooperative, Inc., <br><br>                Defendants. | Case No.: 4:12-cv-03341-RBH <br><br><br>**PLAINTIFF'S RULE 26.03 REPORT** |

Pursuant to Local Civil Rule 26.03 of the Federal Rules of Civil Procedure, the Plaintiff submits the following information:

(1)    A short statement of the facts of the case

**These claims arise out of the destruction and loss of Plaintiff's tobacco plants in 2011. In April, 2011, Plaintiff purchased the insecticide Couraze (manufactured by Defendant Cheminova) from Southern States Cooperative. Plaintiff applied the Couraze to its tobacco plants according to Cheminova's instructions; however the plants treated with Couraze were killed. Plaintiff was forced to purchase inferior replacement plants and incur additional expenses to remove and replace the dead plants in order to mitigate damages.**

(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony

**a.**    **Kenneth Squires**

**b.**    **Cornelius Squires**

**c.**    **Rodney Squires**

1

8197962-1

    d.    Heath Squires

These witnesses are expected to testify regarding the plants killed by Couraze and the mitigation efforts.

Plaintiff reserves the right to call any other witness(es) named by any other party in this case.

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered)

No experts have been identified at this time. Plaintiff anticipates naming at least an agricultural economist and a chemist. Plaintiff will disclose this information in accordance with the scheduling order.

(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.

**Negligence**: Elements: (1) a legal duty on the part of the defendant, (2) a breach of that duty, (3) and damages proximately caused by that breach. See, e.g., *Fowler v. Hunter*, 697 S.E.2d 531, 534 (S.C. 2010); *Talkington v. Atria Reclamelucifers Fabrieken BV*, 152 F.3d 254 (4th Cir. 1998).

**Breach of Express Warranty**: Elements: (1) the existence of an express warranty, (2) breach of the express warranty, and (3) damages proximately caused by the breach. *See e.g., Jones v. Ram Medical, Inc.*, 807 F. Supp. 2d 501 (D.S.C. 2011); *Herndon v. Southern Pest Control Co.*, 307 F.2d 753 (4th Cir. 1962); *Hill v. BASF Wyandotte Corp.*, 782 F.2d 1212 (4th Cir. 1986).

**Breach of Implied Warranty of Merchantability**: To be merchantable, goods must at least: (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations

**permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require.  S.C. Code Ann. §36-2-314 (1976);** *Miles v. DESA Heating LLC,* **2012 WL 1038677 (D.S.C. 2012).**

**<u>Breach of Implied Warranty of Fitness for a Particular Purpose</u>: When the seller has reason to know that the buyer requires the good for a particular purpose at the time of contracting, and the buyer is relying on the seller's skill or knowledge, there is an implied warranty that the good be fit for such purpose. S.C. Code Ann. §36-2-315 (1976);** *Hartman v. Jensen's Inc.,* **277 S.C. 501, 289 S.E.2d 648 (1982).**

**<u>Unfair Trade Practices</u>: Unfair methods of trade or practice are unlawful. S.C. Code Ann. §36-2-315 (1976). Elements of Unfair Trade Practices: (1) Causes or is likely to cause substantial injury to consumers, (2) cannot be reasonably avoided by consumers, and (3) is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. Sec. 45(n);** *Wright v. Craft***, 372 S.C. 1, 640 S.E.2d 486 (S.C. Ct. App. 2006).**

**<u>Strict Liability/Products Liability</u>: Elements: (a) The seller is engaged in the business of selling the product and (b) it is expected to and does reach the user without substantial change in the condition in which it was sold.  SC Code Ann. §15-73-20 (1976);** *see Talkington v. Atria Reclamelucifers Fabrieken BV***, 152 F.3d 254 (4th Cir. 1998).**

(5)     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of FRCP 26(a)(2) expert disclosures; and (b) Completion of discovery

**Please see the proposed Amended Conference and Scheduling Order.**

(6)     The parties shall inform the Court whether there are any special circumstances which would affect the timeframes applied in preparing the scheduling order.

**None known at this time.**

3

8197962-1

4

(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**None.**

                                    **ROGERS TOWNSEND & THOMAS, PC**

                                    s/Steven T. Moon
                                    T. McRoy Shelley, III, Federal Bar # 6681
                                    roy.shelley@rtt-law.com
                                    Steven T. Moon, Federal Bar # 3964
                                    steven.moon@rtt-law.com
                                    Post Office Box 100200
                                    Columbia, South Carolina 29202-3200
                                    Phone: (803) 771-7900
                                    Fax: (803) 343-7017

                                    Direct:
                                    Roy Shelley: (803)744-1818
                                    Steve Moon: (803) 744-5210

                                    **COUNSEL FOR PLAINTIFFS**

Columbia, South Carolina
Date  January 22, 2013

8197962-1