IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SQUIRES BROTHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEMINOVA, INC. and SOUTHERN STATES COOPERATIVE, INC., <br><br> Defendants. | Civil Action No. 4:12-cv-03341-RBH <br><br> **RULE 26(f) REPORT AND RESPONSES TO LOCAL CIVIL RULE 26.03 INTERROGATORIES OF CHEMINOVA, INC.** |

The parties conducted a Rule 26(f) conference by telephone on January 7, 2013 and, pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.03, Defendant Cheminova, Inc. ("Cheminova") hereby submits its Rule 26(f) Report:

**(1)     Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3).**

   **(a)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

   The parties will propose joint changes to the Scheduling Order issued by the Court on December 18, 2012. The parties will serve their Rule 26(a)(1) Disclosures on January 29, 2013.

   **(b)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   The parties anticipate conducting discovery related to Plaintiff's claims and Defendant's defenses. Discovery does not need to be conducted in phases or limited beyond customary discovery limitations set forth in the Federal Rules of Civil Procedure. The parties will submit their proposed Amended Conference and Scheduling Order, to be filed with this report. The parties seek additional time to complete fact and expert discovery in order to provide sufficient time to complete pre-discovery mediation and permit Plaintiffs, who operate a farm, to harvest their crops.

   **(c)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

        The parties are unaware of any such issues at this time. Cheminova's counsel has instructed it to preserve evidence and the parties will exchange documents in mutually agreeable formats.

**(d)** **Any issues about claims or privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

        The parties are unaware of any such issues at this time. With respect to claims of privilege or protection, the parties agree to follow procedures established by the Federal Rules of Civil Procedure.

**(e)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

        The parties will follow limits established by the Federal Rules of Civil Procedure.

**(f)** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

        The parties anticipate requesting the entry of a Confidentiality Order to protect confidentiality of personal, financial, proprietary or other confidential information that may be sought and/or produced in discovery.

        In an effort to simplify the issues, the parties intend to file a Consent Motion to Dismiss Defendant Southern States and For Consolidation with Case No.: 4:12-cv-03330-RBH entitled *Dwight Stevens, Toni Stevens and Blake Stevens vs. Southern States Cooperative, Inc* (the "Stevens Matter"). A Motion to Substitute Parties and For Consolidation with Case No.: 4-12-cv-03341-RBH shall also be filed in the Stevens Matter. Plaintiffs in both matters intend to proceed in against Defendant Cheminova, Inc. as the sole defendant.

**(2)** **Other Disclosures Required By Conference and Scheduling Order:**

    **(a)** **United States Magistrate Judge.**

        Cheminova does not consent to trial before a United States Magistrate Judge.

## CHEMINOVA'S RESPONSES TO LOCAL CIVIL RULE 26.03 INTERROGATORIES

**(1)** **A short statement of the facts of the case:**

Plaintiff Squires Brothers, Inc., operators of a farm, brings a product liability action against Defendants Cheminova, Inc. ("Cheminova") and Southern States Cooperative, Inc. ("Southern States") arising from alleged injuries to Plaintiff's tobacco plants following the

application of Couraze to those plants. Plaintiff alleges that Cheminova manufactures and markets Couraze as an insecticide for use on tobacco plants. Sometime after Plaintiff purchased Couraze from Southern States in or about April 2011, Plaintiff's application of Couraze to the tobacco plants allegedly resulted in substantial harm to or death of the plants. Plaintiff further alleges that it attempted to mitigate damages through the purchase of replacement tobacco plants.

Plaintiff alleges causes of action for negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, unfair trade practices, and strict product liability. Cheminova denies Plaintiff's allegations and have raised numerous defenses to the claims in its Answer and Affirmative Defenses.

**(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

Cheminova expects to call employees as witnesses to testify to the following issues: the safety and efficacy of Couraze, related scientific issues including issues of causation, and government regulations governing product labeling and warnings. Defendants also expect to call certain of Plaintiffs' employees to testify as to issues of liability, causation, and alleged damages. Defendants anticipate that, as discovery progresses, they will identify other individuals with knowledge about the Plaintiff and/or who may possess information supporting Defendants' defenses. Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and Local Civil Rules, D.S.C.

**(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

Cheminova anticipates that expert testimony will be presented regarding issues of liability, causation, and damages, and other related issues. Cheminova reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and Local Civil Rules, D.S.C.

**(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same:**

(a)    Failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

(b)    Failure to satisfy jurisdictional and/or statutory prerequisites for Plaintiff's causes of action or exhaust appropriate administrative remedies, and/or comply with appropriate statutes of limitations.

(c)    All defenses to negligence, including but not limited to principles of negligence, standard of care, proximate cause and damages.

(d)    Defenses to warranty claims. S.C. Code Ann. § 36-2-316.

(e)   Defenses to unfair trade practices--exemption provisions and other defenses. S.C. Code Ann. §§ 39-5-10 *et seq*.

(f)   Defenses to strict liability/product liability. S.C. Code Ann. §§ 15-73-10, 15-73-20, 15-73-30; *Disher v. Synthes*, 371 F. Supp. 2d 764 (D.S.C. 2005).

(g)   Misuse, abuse, alteration, and/or modification of the product by Plaintiff or others. S.C. Code Ann. § 15-73-20; *Disher v. Synthes*, 371 F. Supp. 2d 764 (D.S.C. 2005).

(h)   Plaintiff's own negligence. *Nelson v. Concrete Supply Co.*, 399 S.E.2d 783, 784 (S.C. 1991).

(i)   Injuries were direct and proximate result of the culpable conduct, fault, misuse of the product by, and/or strict liability of third persons, and/or negligent, reckless, or intentional acts or omissions of third parties not within the authority, knowledge, control or right of control of Cheminova.

(j)   Unforeseeable intervening acts. *McKnight v. S.C. Dep't of Corrections*, 684 S.E.2d 566, 569 (S.C. Ct. App. 2009).

(k)   Comparative negligence and apportionment of fault. S.C. Code Ann. § 15-38-15; Nelson v. Concrete Supply Co., 399 S.E.2d 783 (S.C. 1991).

(l)   Assumption of risk. S.C. Code Ann. § 15-73-20; *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 482 S.E.2d 569 (S.C. Ct. App. 1997).

(m)   Plaintiff failed to mitigate damages. *Moore v. Moore*, 599 S.E.2d 467 (S.C. Ct. App. 2004).

(n)   Adequacy of warnings / no duty to warn. *Anderson v. Greenbull, Inc.*, 471 S.E.2d 708 (S.C. Ct. App. 1996); *Allen v. Long Mfg. NC Inc.*, 505 S.E.2d 354, 357 (S.C. Ct. App. 1998); *Moss v. Parks Corp.*, 985 F.2d 736 (4th Cir. 1993).

(o)   Pre-emption (federal, etc). *Worm v. American Cyanamid, Co.*, 970 F.2d 1301, 1303 (4th Cir. 1992), *aff'd on remand*, 5 F.3d 744 (4th Cir. 1993).

(p)   Lack of feasible design alternative / inherent characteristic of the product. *Disher v. Synthes*, 371 F. Supp. 2d 764 (D.S.C. 2005); *Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321 (S.C. Ct. App. 1995).

(q)   Learned Intermediary / Sophisticated User Doctrine. *Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321 (S.C. Ct. App. 1995)

(r)   Raw material supplier. Rest. 2d Torts § 402A, Comment p (1965); Rest. 3d Torts: Product Liability § 5 (1998).

(s) State of the art compliance with industry customs and practices. *Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321 (S.C. Ct. App. 1995); *Reed v. Tiffin Motor Homes, Inc.* 697 F.2d 1192 (4th Cir. 1982).

(t) Strict conformity to buyer's specifications. Rest. 3d Torts: Product Liability § 5 (1998).

(u) Failure to join necessary parties. Fed. R. Civ. P. 19.

(v) Set-off. S.C. Code Ann. § 15-38-15(E).

(w) Limited application of joint and several liability. S.C. Code Ann. § 15-38-15.

(x) Defendant reserves the right to add additional defenses as the factual record is developed during the course of discovery.

**(5)** **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) completion of discovery.**

*See* Proposed Amended Conference and Scheduling Order, to be filed with this Report.

**(6)** **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order:**

The parties intend to engage in pre-discovery mediation which will require an amendment of deadlines to provide sufficient time for parties to engage in mediation. *See* Proposed Amended Conference and Scheduling Order, to be filed with this Report.

This 22nd day of January, 2013.

                                                NEXSEN PRUET, LLC

                                                _/s/ Molly Hughes Cherry_____
                                                Molly Hughes Cherry
                                                Federal Bar No. 7067
                                                205 King Street, Ste 400
                                                Charleston, South Carolina 29401
                                                (843) 720-1724

*Of counsel*:
Christopher G. Kelly
Robert J. Burns
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, New York 10019
Tel: (212) 513-3200
Fax: (212) 385-9010

*Attorneys for Defendant Cheminova, Inc.*